IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| First State Bank of Northwest Arkansas, | ) ) ) | 2:12-cv-00799-GEB-CKD |
| Plaintiff, | ) ) | |
| v. | ) ) | <u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |
| RBC REAL ESTATE FINANCE, INC., a Delaware corporation, and all persons unknown claiming any interest in the property as DOES 1 through 50, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The status (pretrial scheduling) conference scheduled for hearing on June 25, 2012, is vacated since the parties' Joint Status Report filed on June 11, 2012 ("JSR") indicates the following Order should issue.

<u>DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

Plaintiff indicates in the JSR that "[e]fforts to identify possible 'doe' defendants will be completed within 180 days." (JSR 2:4-5.) Therefore, Plaintiff has until December 10, 2012, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to file an Amended Complaint substituting a named defendant in place of a Doe defendant. The referenced motion must be noticed for hearing on the Court's earliest available law and motion date.  If leave is not sought

as stated, Does 1 through 50 will be automatically dismissed from this action.

Further, other than an amendment that could be authorized if all or part of the now pending dismissal motion is granted, no further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by June 12, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before January 11, 2013, and any contradictory and/or rebuttal expert

disclosure authorized under Rule 26(a)(2)(D)(ii) on or before February 11, 2013.

MOTION HEARING SCHEDULE

The last hearing date for a motion is August 12, 2013, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for October 7, 2013, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

        If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

                            TRIAL SETTING

        Trial shall commence at 9:00 a.m. on January 14, 2014.

        IT IS SO ORDERED.

Dated:  June 19, 2012

                          _____
                          GARLAND E. BURRELL, JR.
                          United States District Judge

---

        [2]    If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.